Opinión de conformidad emitida por el
Juez Asociado Se-ñor Estrella Martínez.
La naturaleza de las mociones en auxilio de jurisdicción han requerido que este Tribunal delimite y aclare lo que constituye un abuso de discreción en el trámite de éstas ante el Tribunal de Apelaciones en distintas circun-stancias. Nos toca hoy nuevamente emitir juicio sobre ello.
I
La opinión emitida en el caso de epígrafe responde a la necesidad de establecer unos parámetros a la discreción del Tribunal de Apelaciones cuando tramita las mociones en auxilio de jurisdicción ante su consideración en casos de alto interés público. Especialmente, esto aplica en aquellos que requieren y merecen que el foro intermedio evalúe si la solicitud es meritoria para actuar con premura en la con-cesión de remedios antes de conferir términos a las partes para que se expresen y cuyo efecto conlleve resultados irre-parables para éstas.
Antes de la decisión hoy alcanzada, este Tribunal aten-dió recientemente el caso Pantoja Oquendo v. Mun. de San Juan, 182 D.P.R. 101 (2011). En éste nos encontrábamos ante una solicitud de auxilio de jurisdicción debido a un interdicto preliminar que emitió el Tribunal de Primera Instancia para que el Municipio de San Juan desistiera de impedir a un grupo de féminas del Movimiento Amplio de Mujeres de Puerto Rico pintar un mural que leía: “Tod@s contra la Violencia Machista”. Como parte de estos suce-sos, el Municipio de San Juan acudió ante el Tribunal de Apelaciones mediante un recurso de apelación que se acompañó con una moción en auxilio de jurisdicción en la cual solicitó que se dejara sin efecto el interdicto prelimi- *391 nar expedido. El mismo día, el foro intermedio emitió una resolución en la que concedió un término de diez días a las partes para que se expresaran sobre el recurso y sobre la moción en auxilio de jurisdicción que presentó el Municipio de San Juan.
Ante dichas circunstancias, en Pantoja Oquendo v. Mun. de San Juan, supra, la mayoría de este Tribunal con-cluyó que el Tribunal de Apelaciones no atendió con celeri-dad la moción en auxilio de jurisdicción que presentó el Municipio de San Juan. Para ello, auscultó los méritos del interdicto preliminar emitido por el Tribunal de Primera Instancia y, a su vez, adjudicó toda la controversia. Al así hacerlo, la mayoría entendió que era necesario acreditar la naturaleza y titularidad de la propiedad en donde se pre-tendía ejercer el derecho de libertad de expresión. Asi-mismo, apuntó que no se podía permitir dejar al Municipio de San Juan en una especie de “vacío jurídico” mediante el cual el ejercicio de un derecho fundamental implica la po-sibilidad de incurrir en conducta delictiva. íd., pág. 114. Por estas razones, la mayoría de este Tribunal dilucidó que el foro intermedio debió paralizar inmediatamente los efec-tos del interdicto concedido.
En aquella ocasión disentí del curso decisorio que siguió la mayoría de este Tribunal. Mi criterio respondió a que en la etapa procesal en la que se encontraba el caso era inne-cesario acreditar la naturaleza pública o privada del lugar donde se pretendía ejercer el derecho a la libertad de ex-presión, como paso previo a la concesión de un interdicto preliminar. Además, resultaba insuficiente el reclamo del Municipio de San Juan de mantener la estética y el ornato como fundamento para dejar sin efecto el interdicto emi-tido por el foro primario. Juzgué que —a base de los hechos particulares del caso— el Tribunal de Apelaciones actuó razonablemente y ejerció adecuada discreción al acortar los términos a diez días para escuchar a las partes.
*392 De acuerdo con ello suscribí la Opinión disidente emi-tida en Pantoja Oquendo u. Mun. de San Juan, supra. En ésta se precisó que el interdicto preliminar se emitió como medida cautelar para proteger el reclamo de libertad de expresión. Por lo tanto, avalé que el foro intermedio permi-tiera al grupo protegido expresarse sobre su reclamo. Esa actuación fue a todas luces diligente.
Hoy nos encontramos ante una controversia distingui-ble a la que nos enfrentamos en Pantoja Oquendo v. Mun. de San Juan, supra. Los hechos particulares de la causa ante este Tribunal así lo demuestran.
El presente caso consiste en la determinación del De-partamento de Educación —a pocos meses de comenzar el año escolar— de cerrar la Escuela Superior Luis Muñoz Iglesias del municipio de Cidra y consolidar las operacio-nes del plantel escolar con la Escuela Superior Ana J. Candelas de ese municipio. Ello dio lugar a la solicitud inme-diata de un interdicto preliminar ante el Tribunal de Primera Instancia. Durante ese proceso, el Gobierno de Puerto Rico argüyó que la solicitud violaba la separación de poderes, resultaba en una intromisión indebida de sus prerrogativas y que los recurridos no sufrirían un daño, ya que a los estudiantes y maestros se les reubicaría dentro del mismo municipio. El foro primario expidió un injunction provisional y ordenó al Departamento de Educación que dejara sin efecto el cierre de la escuela. Como conse-cuencia, el Gobierno de Puerto Rico acudió ante el Tribunal de Apelaciones mediante recurso de certiorari y solicitó el auxilio de jurisdicción dado el alto interés público y el he-cho de que el nuevo semestre escolar estaba a solo días de comenzar. A pesar de la inminencia de la necesidad de to-mar una decisión, el foro intermedio concedió siete días a la parte recurrida para que se expresara sobre el auxilio de jurisdicción y la petición de certiorari ante la consideración de ese foro. Ante tales circunstancias, el Gobierno de Puerto Rico acudió a esta Curia fundamentándose en que *393 el Tribunal de Apelaciones erró al no paralizar la efectivi-dad del injunction emitido por el Tribunal de Primera Instancia. Al día siguiente, procedimos a paralizar los efec-tos del injunction que pronunció el Tribunal de Primera Instancia y ordenamos mostrar causa por la cual no debía-mos revocar la resolución emitida por el foro intermedio.
En cuanto al trámite que condujo el Tribunal de Apela-ciones al atender una moción en auxilio de jurisdicción, no debe haber discrepancia en que éstas se deben atender con celeridad. Las expresiones recogidas por la mayoría de este Tribunal simplemente dirigen al Tribunal de Apelaciones a prestar atención a los casos de alto interés público y evitar un panorama de incertidumbre jurídica.
A estos efectos, le recordamos al foro apelativo interme-dio que su discreción no se puede ejercer en el vacío. Ad-vertimos que al atender una solicitud en auxilio de juris-dicción, en estos casos y antes de conceder un término para que otras partes se expresen, debe evaluar si la solicitud es meritoria de su faz. Ello no se debe entender ni conlleva una restricción a las funciones del foro intermedio. Por el contrario, simplemente anunciamos el deber del foro ape-lativo intermedio de atender las solicitudes en auxilio de jurisdicción y los parámetros que conllevan un abuso de discreción al tramitar los casos ante su consideración.
Al estudiar las circunstancias del presente caso, consi-deramos que —contrario a lo ocurrido en Pantoja Oquendo v. Mun. de San Juan, supra— el asunto ante la considera-ción del Tribunal de Apelaciones ameritaba la pronta inter-vención de ese foro. En el caso ante nuestra consideración, no podemos perder de perspectiva que estábamos a tan sólo unos pocos días para el inicio del año escolar. El De-partamento de Educación indicó las razones para cerrar la Escuela Superior Luis Muñoz Iglesias y su plan de reubi-car a los estudiantes y maestros de ésta para no afectar el derecho a la educación. La orden emitida por el Tribunal de Primera Instancia imponía sobre el Gobierno de Puerto *394 Rico una carga cuyo efecto podría trastocar el plan para maximizar el uso de planteles escolares y la planificación del sistema de educación pública. No atender los asuntos ante la consideración del foro apelativo intermedio redun-daría claramente en una inseguridad que podría afectar los derechos de todas las partes causándole un daño inminente. Así, y según estas circunstancias, el trámite que siguió el Tribunal de Apelaciones al no adjudicar con prioridad si procedía el auxilio de jurisdicción ante su con-sideración y conceder un término de siete días para que la otra parte se exprese conllevaría con toda probabilidad un efecto nefasto en la concesión de un remedio.
Las particularidades del caso ante esta Curia demues-tran que el Tribunal de Apelaciones abusó de su discreción al tramitar la controversia ante su consideración. Conce-der —a pocos días de comenzar el curso escolar— un tér-mino de siete días para escuchar a las otras partes sin atender con mayor prontitud la controversia ante ese foro conllevaría un disloque operacional para el año escolar. Todo ello, distinto a la situación a la que nos enfrentamos en Pantoja Oquendo v. Mun. de San Juan, supra. Recordamos que la discreción es una facultad del poder decisorio de los tribunales para decidir en una u otra forma, es decir, para escoger entre uno o varios cursos de acción. Esa po-testad se debe ejercer razonablemente para alcanzar una conclusión justiciera que responda y produzca un remedio compatible con los intereses públicos envueltos. HIETel v. PRTC, 182 D.RR. 451 (2011); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657-658 (1997).
El Tribunal de Apelaciones, al escoger su curso de ac-ción, no lo hizo razonablemente. El foro apelativo interme-dio debió atender con mayor premura la situación de autos. Como consecuencia de ello, avalo la posturade la mayoría de este Tribunal.
*395 — O —